**Michael O. CUNNINGHAM, Plaintiff,**

v.

**CIVIL SERVICE COMMISSION of the COUNTY OF HAWAII, Defendant.**

Civ. No. 2403.

United States District Court D. Hawaii.

April 13, 1966.

224

Eugene W. Doyle, San Francisco, Cal., for plaintiff.

Norman K. Chung, Honolulu, Hawaii, for defendant.

TAVARES, District Judge.

In May of 1963 plaintiff was demoted by his superior on the Board of Water Supply for the County of Hawaii, from Meter Reader II to Field Handyman, because of insubordination. Plaintiff sues for declaratory relief and for an injunction, and attempts to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Plaintiff claims that the regulations of the Civil Service Commission of the County of Hawaii are unconstitutionally vague, and he claims that the regulations fail to provide for notice and hearing on charges brought against the plaintiff.

Defendant moves for summary judgment, asserting that there is no dispute as to any material fact. Affidavits in support of the Motion for Summary Judgment reveal without contradiction that the civil service regulations applicable to the plaintiff do provide for notice and hearing in the event of dismissal or demotion; and further that plaintiff was actually given notice and an administrative hearing in connection with the charges of insubordination. Plaintiff has also had a state judicial review of the action taken by the Civil Service Commission, and an appellate review by the Hawaii Supreme Court.

But plaintiff has not yet exhausted his state remedies. He admits that he has not availed himself of the remedy provided by Chapter 6C-7 of the Revised Laws of the Hawaii:

"(a) Any interested person may obtain a judicial declaration as to the validity of an agency rule as provided in subsection (b) herein by bringing an action against the agency in the circuit court of the county in which petitioner resides or has its principal place of business. Such action may be maintained whether or not petitioner has first requested the agency to pass upon the validity of the rule in question.

"(b) The court shall declare the rule invalid if it finds that it violates constitutional or statutory provisions or exceeds the statutory authority of the agency or was adopted without compliance with statutory rule-making procedures."

Therefore plaintiff's complaint here is premature, and the defendant's Motion for Summary Judgment is hereby granted and the complaint is hereby dismissed.